**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARK COLWELL Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>   v.<br><br>EXICURE, INC., DAVID A. GILJOHANN, and BRIAN C. BOCK,<br><br>  Defendants. | Case No: 1:21-cv-06637<br><br>Honorable John F. Kness |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF SAM UEMURA FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Sam Uemura ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)  appointing the Movant as Lead Plaintiff for the Class of all purchasers of the securities of Exicure, Inc. ("Exicure" or the "Company") during the period from March 11, 2021 and November 15, 2021, inclusive (the "Class Period"); and

(b)  approving Movant's selection of The Rosen Law Firm P.A. as Lead Counsel for the Class and the law firm of Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class.

1

## INTRODUCTION AND BACKGROUND

This securities fraud class action was commenced on December 13, 2021 against the Company and certain of its officers for violations of Section 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising class members of, among other things, the allegations and claims alleged in the complaint, the Class Period, and the 60-day deadline for Class members to move to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Carl V. Malmstrom filed herewith ("Malmstrom Decl.").

Exicure is a clinical stage biotechnology company that develops therapeutics for neurology, immuno-oncology, inflammatory diseases, and other genetic disorders based on its proprietary spherical nucleic acid technology.

The complaint alleges that throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) there had been certain improprieties in Exicure's preclinical program for the treatment of Friedreich's ataxia; (2) as a result, there was a material risk that data from the preclinical program would not support continued clinical development; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On November 15, 2021, after the market closed, Exicure filed a Form 12b-25 with the SEC stating that it could not timely file its quarterly report for the period ended September 30, 2021. It explained that the Company was investigating "a claim made by a former Company senior

2

researcher regarding alleged improprieties that researcher claims to have committed with respect to the Company's XCUR-FXN preclinical program for the treatment of Friedreich's ataxia."

On this news, the Company's stock price fell $0.30, or 28%, to close at $1.07 per share on November 16, 2021, on unusually heavy trading volume. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

## I.     MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Act. *See*, 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that Movant is the most adequate plaintiff of the class and, as a result, should be appointed Lead Plaintiff.

3

### A.      Movant's Motion is Timely

Movant timely filed the instant motion in response to a PSLRA early notice. *See* Malmstrom Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has have reviewed the complaint, adopts the allegations therein, and is willing to serve as representatives of the class. *See* Malmstrom Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiffs for the class.

### B.      Movant Has The Largest Financial Interest in the Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $40,176.25 in connection with his purchases of Exicure securities. *See* Malmstrom Decl., Ex. 3. Movant is not aware of any other individual or group that has suffered greater losses in Exicure securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C.      Movant Satisfies the Requirements of

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

**Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. At the lead plaintiff stage, "[a] wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification. This inquiry, therefore, focuses on the qualities of the class representatives enumerated in [Rule] 23(a)(3) and 23(a)(4), that is, typicality and adequacy." *Mayo v. Apropos Tech., Inc.*, 2002 WL 193393, at *3 (N.D. Ill. Feb. 7, 2002) (citing *Lax.*, 1997 WL 461036, at *6).

      1.      **Movant's Claims Are Typical**

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Mayo,* 2002 WL 193393 at *4; *In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Mayo,* 2002 WL 193393 at *4.

5

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations, and financial prospects of Exicure. Movant, like all members of the Class, purchased Exicure securities at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby. Movant's interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### 2. Movant Is Adequate

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).

Here, Movant has communicated with competent, experienced counsel concerning this case and has made this motion to be appointed lead plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)      will not fairly and adequately protect the interest of the class; or

> (bb)      is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I).

6

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class. Movant is 61 years old and lives in Arizona. He has a bachelor's degree in business administration and currently works as an international business consultant.

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant has suffered substantial financial losses and believes he has the largest financial interest in this case of any timely lead plaintiff movant. Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class.

## II.      **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected The Rosen Law Firm, P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel. Both firms are experienced in the area of securities litigation and class actions, and have successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Malmstrom Decl., Exs. 4 & 5. As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable these two law firms to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel and Liaison Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, the Movant respectfully requests the Court issue an Order: (a) appointing Movant as Lead Plaintiff of the Class; (b) approving The Rosen Law Firm P.A. as Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLC as Liaison Counsel for the Class; and (c) granting such other relief as the Court may deem to be just and proper.

Dated: February 11, 2022          Respectfully submitted,

/s/*Carl V. Malmstrom*
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
Carl V. Malmstrom
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (312) 214-3110
Email: malmstrom@whafh.com

*[Proposed] Liaison Counsel for Plaintiff*
*And the Class*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim
Laurence M. Rosen
275 Madison Avenue, 40th Floor
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff*
*And the Class*

## CERTIFICATE OF SERVICE

I, Carl V. Malmstrom, one of the attorneys for plaintiff, hereby certify that on February 11, 2022, service of the foregoing *Memorandum of Law in Support of Motion of Sam Uemura for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel* was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

/s/ *Carl V. Malmstrom*
Carl V. Malmstrom

9