**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXICURE, INC., DA YID A. GILJOHANN, and BRIAN C. BOCK, <br><br> Defendants. | Case No. 1:21-cv-06637 <br><br> Judge John F. Kness <br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JEFFREY COLEMAN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ....................................................................................... 1

II.  FACTUAL BACKGROUND.......................................................................................... 2

III. ARGUMENT................................................................................................................. 4

A.   Coleman Should be Appointed Lead Plaintiff........................................................... 4

1.   Coleman Filed a Timely Motion.................................................................. 5

2.   Coleman Has the Largest Financial Interest ............................................... 6

3.   Coleman Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ....................................................................................... 6

a)   Coleman's Claims Are Typical........................................................ 7

b)   Coleman Is an Adequate Representative ........................................ 7

B.   The Court Should Approve Lead Plaintiff's Choice of Counsel ............................ 8

IV.  ONCLUSION ............................................................................................................... 8

i

# TABLE OF AUTHORITIES

CASES

*Chandler v. Ulta Beauty, Inc.*,
   No. 18 Civ. 1577, 2018 WL 3141763 (N.D. Ill. June 26, 2018) ................................................ 7

*De La Fuente v. Stokely-Van Cap, Inc.*,
   713 F.2d 225 (7th Cir. 1983) ................................................................................................... 7

*In re Boeing Co. Aircraft Sec. Litig.*,
   No. 19 Civ. 2394, 2019 WL 6052399 (N.D. Ill. Nov. 15, 2019)............................................... 5

*In re Groupon Sec. Litig.*,
   No. 12 Civ. 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012)............................................... 7

*Maiden v. Merge Techs., Inc.*,
   No. 06 Civ. 349, 2006 WL 3404777 (E.D. Wis. Nov. 21, 2006) .............................................. 5

*Takara Trust v. Molex Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005)............................................................................................... 8

STATUTES

15 U.S.C. § 78u-4 ......................................................................................................................... 1

15 U.S.C. §78u-4(a)(3)(B) ................................................................................................... *passim*

RULES

Fed. R. Civ. P. 23 ................................................................................................................ *passim*

ii

Jeffrey Coleman ("Coleman") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Coleman as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Coleman's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I. PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Exicure, Inc. ("Exicure" or the "Company") securities between January 7, 2021 and December 10, 2021, inclusive (the "Class Period").

The "PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Coleman is the "most adequate plaintiff" as defined by the PSLRA.[1]

---

[1] Mr. Coleman respectfully discloses that approximately twenty years ago he plead guilty to federal charges related to selling cocaine, and was sentenced to 5½ years, of which he spent most in jail. Mr. Coleman submits that he has since reformed. Mr. Coleman makes this disclosure in the interest of being fully transparent with the Court, but respectfully submits that this two decade old crime should not limit his ability to serve as a lead plaintiff in this action. "Most courts have rejected the contention that a proposed representative is inadequate because of prior unrelated unsavory, unethical, or even illegal conduct." *Zollicoffer v. Gold Standard Baking, Inc.*, 335 F.R.D. 126, 159 (N.D. Ill. 2020) (citation omitted); *Chupa v. Armstrong Flooring, Inc.*, No. 19-cv-09840, 2020 WL 1032420, at *3 (C.D. Cal. Mar. 2, 2020) (same).

1

Coleman believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Coleman satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Coleman respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Coleman's selection of Glancy Prongay & Murray LLP as lead counsel and Miller Law LLC as Liaison Counsel for the Class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Exicure is a clinical stage biotechnology company that develops therapeutics for neurology, immuno-oncology, inflammatory diseases, and other genetic disorders based on its proprietary spherical nucleic acid technology.

On November 15, 2021, Exicure announced that it could not timely file its quarterly report for the period ended September 30, 2021 due to "a claim made by a former Company senior researcher regarding alleged improprieties that researcher claims to have committed with respect to the Company's XCUR-FXN preclinical program for the treatment of Friedreich's ataxia." On this news, the Company's stock price fell $0.293, or 27.4%, to close at $0.777 per share on November 16, 2021.

On November 19, 2021, before the market opened, Exicure disclosed that its Audit Committee retained external counsel to conduct an internal investigation regarding the former

senior researcher's claims. On this news, the Company's stock price fell $0.198, or 30%, to close at $0.46 per share on November 19, 2021.

Then, on December 10, 2021, after the market closed, Exicure disclosed that "misreported data was included in various public presentations and SEC filings from as early as January 7, 2021 through as late as August 12, 2021" related to the efficacy of XCUR-FXN. The Company also announced that in response the wrongdoing it was implementing a "staggered workforce reduction of approximately 50%, expected to be completed by January 2022," and an indefinite suspension of further development of the Company's XCUR-FXN program. The Company further disclosed that Douglas Feltner, the Company's Chief Medical Officer, would depart the Company on January 31, 2022, and that the Company replaced its Chief Executive Officer, Dr. David Giljohann. On this news, the Company's stock price fell $0.185, or 40.1%, to close at $0.27 per share on December 13, 2021 (the next trading day following December 10, 2021).

The Amended Complaint filed in this action alleges that the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects, including: (1) that there had been certain improprieties in Exicure's preclinical program for the treatment of Friedreich's ataxia; (2) that Exicure lacked effective internal controls over the collection, analysis, and dissemination of data relating to Exicure's preclinical program for the treatment of Friedreich's ataxia; (3) that, as a result, the Company misreported the efficacy of XCUR-FXN in various public presentations and SEC filings from (at least) January 7, 2021 through August 12, 2021; (4) that, as a result, the Company would have to suspend its development of XCUR-FXN for the treatment of Friedreich's ataxia; and (5) that, as a result of the foregoing, Defendants' positive statements

3

about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Coleman and other members of the class have suffered significant losses and damages.

## III.  ARGUMENT

### A.  Coleman Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Coleman satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Coleman has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Coleman is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Coleman respectfully submits that he should be appointed lead plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### 1. Coleman Filed a Timely Motion

Coleman has made a timely motion in response to a PSLRA early notice. On December 13, 2021, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Motion, Ex. A. Therefore, Coleman had sixty days (until February 11, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Exicure securities during the Class Period, Coleman is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his certification, Coleman attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class.

*See* Motion, Ex. B. Accordingly Coleman satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Coleman Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Coleman believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Coleman purchased Exicure securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. *See* Motion, Ex. C. To the best of his knowledge, Coleman is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Coleman believes he has the "largest financial interest in the relief sought by the Class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Coleman Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the

representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at *5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at *3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a) Coleman's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at *5.

Coleman's claims are typical of the claims asserted by the proposed members of the Class. Like all members of the Class, Coleman alleges that Defendants' material misstatements and omissions concerning Exicure's business, operations, and financial prospects violated the federal securities laws. Coleman, like all members of the Class, purchased Exicure securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Coleman's interests and claims are "typical" of the interests and claims of the Class.

### b) Coleman Is an Adequate Representative

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff and his counsel will

vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Coleman has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Motion, Exhibit C. Coleman is not aware of any conflict between his claims and those asserted on behalf of the Class. Coleman manages his own investment portfolio and owns a small car dealership. As such, Coleman is well-equipped to represent the class.

**B.      The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Coleman has selected Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits. D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Coleman's selection of counsel.

**IV.      CONCLUSION**

For the foregoing reasons, Coleman respectfully requests that the Court grant his Motion and enter an Order (1) appointing Coleman as Lead Plaintiff; (2) approving Coleman's selection of Glancy Prongay & Murray LLP as Lead Counsel and Miller Law LLC as Liaison Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

Dated: February 11, 2022

Respectfully submitted,

By: s/ *Marvin A. Miller*
Marvin A. Miller
**MILLER LAW LLC**
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
Telephone: (312) 332-3400
mmiller@millerlawllc.com

*Counsel for Jeffrey Coleman and Proposed Liaison
Counsel for the Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Jeffrey Coleman and Proposed Lead
Counsel for the Class*

Howard G. Smith
**LAW OFFICES OF HOWARD G. SMITH**
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

9

## CERTIFICATE OF SERVICE

I, Marvin A. Miller, hereby certify that a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF system on February 11, 2022, which constitutes service on counsel of record who are registered electronic filing users.

/s/ *Marvin A. Miller*

10