**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>      v.<br><br>EXICURE, INC., DAVID A. GILJOHANN, and BRIAN C. BOCK,<br><br>        Defendants. | Case No. 1:21-cv-06637-JFK<br><br>CLASS ACTION<br><br>Honorable John F. Kness |

**MEMORANDUM OF POINTS AND**
**AUTHORITIES IN SUPPORT OF THE MOTION**
**OF MARTIN GUI FOR APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

ARGUMENT........................................................................................................................ 4

I.     APPOINTMENT OF MOVANT AS LEAD PLAINTIFF IS APPROPRIATE ..................... 4

     A.     The Procedure Required by the PSLRA ..................................................... 4

     B.     Movant Is Willing to Serve as Class Representative ................................. 5

     C.     Movant Has the Requisite Financial Interest in the Relief Sought by the Class ........ 6

     D.     Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)........... 6

          1.     Movant's Claims Are Typical of the Claims of All Class Members.............. 7

          2.     Movant Will Adequately Represent the Class ................................................. 8

II.     APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE ...................... 9

CONCLUSION.................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*In re Bally Total Fitness Sec. Litig.*,
  No. 04 C 3530, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ........................................................ 6

*De La Fuente v. Stokely-Van Camp, Inc.*,
  713 F.2d 225 (7th Cir. 1983) ....................................................................................................... 7

*In re Groupon Sec. Litig.*,
  No. 12 C 2450, 2012 WL 3779311 (N.D. Ill. Aug. 28, 2012) ...................................................... 7

*Johnson v. Tellabs, Inc.*,
  214 F.R.D. 225 (N.D. Ill. 2002) ............................................................................................... 1, 8

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2716, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .......................................................... 7

*Rosario v. Livaditis*,
  963 F.2d 1013 (7th Cir. 1992) ...................................................................................................... 7

*Takara Tr. v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................................... 7, 8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................................... 4

15 U.S.C. § 78u-4(a)(3)(B) ...................................................................................................... 5, 6, 8, 9

**Rules**

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

**PRELIMINARY STATEMENT**

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons and entities that purchased or otherwise acquired Exicure, Inc. ("Exicure" or the "Company") securities between January 7, 2021 and December 10, 2021, inclusive. Plaintiff in the Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as well as Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission, against the Company, and certain of its senior executives (collectively, the "Defendants").

Movant Martin Gui ("Movant") lost approximately $295,183.64 as a result of false and/or misleading statements made during the Class Period by Defendants. Movant respectfully submits this Memorandum of Law in support of his Motion for: (1) appointment as lead plaintiff ("Lead Plaintiff") pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4; and (2) approval of his selection of Bragar Eagel & Squire, P.C. ("BES") as Lead Counsel and Lynch Carpenter LLP ("Lynch Carpenter") as Liaison Counsel.

The PSLRA provides for the Court to appoint as Lead Plaintiff the movant(s) that has the largest financial interest in the litigation who has also made a *prima facie* showing that it is an adequate class representative(s) under Federal Rule of Civil Procedure 23. *See generally Johnson v. Tellabs, Inc.*, 214 F.R.D. 225, 228 (N.D. Ill. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of the case.[1] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover,

---

[1] A signed certification from Movant, as required by the PSLRA, as well as a chart detailing Movant's loss, is attached to the Declaration of Katrina Carroll, dated February 11, 2022 ("Carroll Decl."), as Exhibits A and B, respectively.

Movant satisfies the requirements of Rule 23 in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.

Accordingly, Movant submits that he should be appointed Lead Plaintiff. Additionally, Movant respectfully submits that his selection of BES as Lead Counsel and Lynch Carpenter as Liaison Counsel is appropriate for approval by this Court to represent the Class.

**STATEMENT OF FACTS**

Exicure is a clinical stage biotechnology company that develops therapeutics for neurology, immuno-oncology, inflammatory diseases, and other genetic disorders based on its proprietary spherical nucleic acid technology. ¶¶ 2, 20.[2] The Company's neuroscience pipeline included its lead program for Friedreich's Ataxia, a progressive neurological disorder. ¶ 21.

Exicure is incorporated under the laws of Delaware with its principal executive offices located in Chicago, Illinois. Exicure's common stock trades on the NASDAQ Exchange under the symbol "XCUR." ¶ 16.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶¶ 21-25, 27, 30. Specifically, Defendants failed to disclose to investors: (1) that there had been certain improprieties in Exicure's preclinical program for the treatment of Friedreich's ataxia; (2) that Exicure lacked effective internal controls over the collection, analysis, and dissemination of data relating to Exicure's preclinical program for the treatment of Friedreich's ataxia; (3) that, as a result, the Company misreported the efficacy of XCUR-FXN in various public presentations and SEC filings from (at least) January 7, 2021

---

[2] Citations to "¶" are to paragraphs of the Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in this Action on February 4, 2022. ECF No. 8. The facts set forth in the Complaint are incorporated herein by reference.

through August 12, 2021; (4) that, as a result, the Company would have to suspend its development of XCUR-FXN for the treatment of Friedreich's ataxia; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. ¶¶ 9, 26, 29, 32.

On November 15, 2021, after the market closed, Exicure filed a Form 12b-25 with the SEC stating that it could not timely file its quarterly report for the period ended September 30, 2021. ¶¶ 3, 27. It explained that the Company was investigating "a claim made by a former Company senior researcher regarding alleged improprieties that researcher claims to have committed with respect to the Company's XCUR-FXN preclinical program for the treatment of Friedreich's ataxia." *Id.*

On this news, the Company's stock price fell $0.30, or 28%, to close at $1.07 per share on November 16, 2021, on unusually heavy trading volume. ¶¶ 4, 28.

On November 19, 2021, before the market opened, Exicure issued a press release titled "Exicure, Inc. Reports Third Quarter 202 l Financial Results and Corporate Progress." ¶¶ 5, 30. Therein, Exicure disclosed that "[t]he Audit Committee has retained external counsel to conduct an internal investigation" regarding the claim by a former Company senior researcher regarding alleged improprieties with respect to the Company's XCUR-FXN preclinical program, and that "[t]he Company is currently unable to predict the timing or outcome of the investigation." *Id.*

On this news, the Company's stock price fell $0.198, or 30%, to close at $0.46 per share on November 19, 2021, on unusually heavy trading volume. ¶¶ 6, 31.

On December l0, 2021, after the market closed, Exicure issued a press release titled "Exicure, Inc. Announces Results of Internal Investigation and Implementation of Strategic Measures to Reduce Cash Burn and Prioritize Pipeline Focus." ¶¶ 7, 33. The press release

3

announced the "results of its previously disclosed independent internal investigation" and disclosed that "misreported data was included in various public presentations and SEC filings from as early as January 7, 2021 through as late as August 12, 2021," that the data related to the efficacy of XCUR-FXN. *Id*. The Company also announced that in response the wrongdoing, the Company was implementing "[a] staggered workforce reduction of approximately 50%, expected to be completed by January 2022," and an "[i]ndefinite suspension of further development of the Company's XCUR-FXN program for the treatment of Friedreich's ataxia." *Id*. The Company further disclosed that "Douglas Feltner, M.D., the Company's Chief Medical Officer, has agreed to assist in the wind down of the cavrotolimod and XCUR-FXN programs and will depart the Company on January 31, 2022." *Id*. Exicure also replaced its Chief Executive Officer, defendant Dr. David Giljohann, who would serve as Chief Technology Officer through January 31, 2022. *Id.*

On this news, the Company's stock price fell $0.185, or 40.1%, to close at $0.27 per share on December 13, 2021 (the next trading day following December 10, 2021), on unusually heavy trading volume. ¶¶ 8, 34.

## ARGUMENT

### I.   APPOINTMENT OF MOVANT AS LEAD PLAINTIFF IS APPROPRIATE

#### A.   The Procedure Required by the PSLRA

The PSLRA establishes the procedure for appointment of the Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a). The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The

4

PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a presumption that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa)  has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Federal Rule of Civil Procedure 23.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses to which he is subject. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in this Action.

**B.  Movant Is Willing to Serve as Class Representative**

On December 13, 2021, counsel in this Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act announcing that a securities class action had been filed against the Defendants and advising putative class members that they had

5

sixty days from the date of the Notice to file a motion to seek appointment as Lead Plaintiff in the Action.[3]

Movant has reviewed the complaint filed in this Action and timely filed the instant Motion pursuant to the Notice.

### C. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4, the Court shall appoint as Lead Plaintiff the movant or movants with the largest financial loss in the relief sought by the action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Loss Chart, Carroll Decl., Ex. B. "[T]he best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness Sec. Litig.*, No. 04 C 3530, 2005 WL 627960, at * 4 (N.D. Ill. Mar. 15, 2005).

Movant purchased Exicure securities in reliance upon the materially false and misleading statements issued by Defendants at prices artificially inflated by those materially false and misleading statements, and suffered a substantial loss of $295,183.64 as a result. *See* Loss Chart, Carroll Decl. Ex. B. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as Lead Plaintiff that have a larger recoverable financial interest and also satisfy Rule 23.

### D. Movant Satisfies the Requirements of Federal Rule of Civil Procedure 23(a)

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

---

[3] The Notice was published over *Business Wire*, a widely-circulated national business-oriented wire service. *See* Press Release, Carroll Decl. Ex. C.

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005). Furthermore, only a "preliminary showing" of typicality and adequacy is required. *See In re Groupon Sec. Litig.*, No. 12 C 2450, 2012 WL 3779311, at \*3 (N.D. Ill. Aug. 28, 2012). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2716, 1997 WL 461036, at \*5 (N.D. Ill. Aug. 6, 1997).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

### 1. Movant's Claims Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members and the claims are based on the same legal theory. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The typicality requirement, however, does not demand that the representative party be situated identically to all other members of the Class. *See De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232-33 (7th Cir. 1983), *overruled on other grounds by Green v. Mansour*, 474 U.S. 64 (1985). Movant plainly meets the

7

typicality requirement of Rule 23 because he: (1) suffered the same injuries as the absent class members; (2) suffered as a result of the same course of conduct by Defendants; and (3) has claims based on the same legal issues. *See Takara*, 229 F.R.D. at 580.

In this case, the typicality requirement is met because the claims of Movant are identical to, and neither compete nor conflict with, the claims of other Class members. Movant, like other members of the Class, purchased Exicure securities at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, the claims of Movant are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Tellabs*, 214 F.R.D. at 228.

### 2. Movant Will Adequately Represent the Class

Movant is an adequate class representative. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is any evidence of antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Takara*, 229 F.R.D. at 580.

Movant's interests are clearly aligned with those of other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of other Class members, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he suffered as a result of the alleged wrongful conduct. This motivation, combined

with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class.

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and herewith submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B), and his appointment as Lead Plaintiff in this Action is appropriate.

## II.     APPROVAL OF MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES as the proposed Lead Counsel for the Class and Lynch Carpenter as the proposed Liaison Counsel. The members of BES and Lynch Carpenter have extensive experience in successfully prosecuting complex securities class actions such as this one and are well-qualified to represent the Class. *See* Carroll Decl. Ex. D and E (Firm Résumés of BES and Lynch Carpenter. respectively).

9

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant

as Lead Plaintiff for the Class in the Action; and (2) approve his selection of BES as Lead Counsel

and Lynch Carpenter as Liaison Counsel for the Class.

Dated: February 11, 2022                         Respectfully submitted,

                                                 **LYNCH CARPENTER LLP**

                                                 */s/ Katrina Carroll*
                                                 Katrina Carroll
                                                 111 W. Washington Street, Suite 1240
                                                 Chicago, IL 60602
                                                 Telephone: (312) 750-1591
                                                 Facsimile: (773) 598-5609
                                                 Email: katrina@lcllp.com

                                                 *Counsel for Movant and [Proposed] Liaison*
                                                 *Counsel for the Class*


                                                 **BRAGAR EAGEL & SQUIRE, P.C.**
                                                 Melissa A. Fortunato
                                                 Marion C. Passmore
                                                 810 Seventh Avenue, Suite 620
                                                 New York, NY 10019
                                                 Telephone: (212) 308-5858
                                                 Facsimile: (212) 214-0506
                                                 Email: fortunato@bespc.com
                                                         passmore@bespc.com

                                                 *Counsel for Movant and [Proposed] Lead Counsel*
                                                 *for the Class*

10

## CERTIFICATE OF SERVICE

I, Katrina Carroll, the undersigned attorney, hereby certify that on the 11th day of February, 2022, I caused to be served a copy of the Memorandum of Points and Authorities in Support of the Motion of Martin Gui for Appointment As Lead Plaintiff and Approval of Selection of Counsel via the Court's CM/ECF system, on all counsel of record.

/s/ *Katrina Carroll*
Katrina Carroll