UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXICURE, INC., DAVID A. GILJOHANN, BRIAN C. BOCK, and GRANT T. CORBETT,<br><br>Defendants. | Case No. 1:21-CV-06637<br><br>Honorable John F. Kness |

**LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**EXHIBIT A-2**

***IF YOU PURCHASED OR OTHERWISE ACQUIRED EXICURE COMMON STOCK BETWEEN JANUARY 7, 2021 AND DECEMBER 10, 2021, BOTH INCLUSIVE, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*** [1]

A federal court authorized this Long-Form Notice. This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY. This Long-Form Notice explains important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Settlement Class. If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**: Exicure common stock purchased or acquired between January 7, 2021 and December 10, 2021 (both inclusive).

**Settlement Fund**: $5,625,000.00 in cash. Your recovery will depend in part on the type and amount of your transactions in Exicure common stock purchased or acquired between January 7, 2021 and December 10, 2021 (both inclusive) and the timing of your purchases, acquisitions, and any sales. If claims are submitted for 100% of the eligible shares of Exicure common stock, based on Plaintiff's expert's estimate of the number of damaged shares of Exicure common stock eligible to recover under the Settlement, the estimated average recovery per affected Exicure common share is approximately $0.14 per share of Exicure common stock, before deduction of Court-approved fees, expenses, and costs. Settlement Class Members should note, however, that these are only estimates. The actual amount per share you could receive will depend on a number of factors, including those explained in the Plan of Allocation contained below. The Parties do not agree on the average amount of damages per share of Exicure Common Stock that

---

[1] Any capitalized terms used in this Long-Form Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 6, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www.ExicureSecuritiesLitigation.com.

would be recoverable if Plaintiff was to prevail in the Action. Among other things, Defendants deny that Plaintiff has asserted any valid claims and expressly deny all allegations of fault, liability, wrongdoing, or damages whatsoever.

**Settlement Class**: The Court has conditionally certified a Settlement Class of all persons and entities who purchased or otherwise acquired Exicure common stock between January 7, 2021 and December 10, 2021, both inclusive. Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of Exicure, and with respect to each of the foregoing, the members of their immediate families, legal representatives, affiliates, heirs, successors-in-interest, assigns, and any entity in which such excluded persons have or had a majority interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**Reasons for Settlement**: The Settlement resolves claims by Lead Plaintiff James Mathew that have been asserted on behalf of the Settlement Class against Defendants Exicure, Inc., David A. Giljohann, Brian C. Bock, and Grant T. Corbett. It avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Settlement Class now. It also releases Defendants and their Related Parties (as defined below) from liability. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement solely to eliminate the uncertainty, burden and expense of further protracted litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

- 2 -

**Statement on Potential Outcome If the Case Had Not Settled**:  The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals.  Litigation is a risky proposition and the Settlement Class might not have prevailed, including due to the risks posed by Exicure's financial condition.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  The parties disagree on both liability and damages.  Among the many key issues about which the two sides do not agree are: (1) whether Defendants made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (2) whether any such statements or omissions were made with the requisite level of intent or recklessness; (3) whether the alleged misstatements and omissions influenced the trading prices of Exicure common stock during the relevant period; and (4) the amount of damages (if any) that could be recovered at trial, including the average amount of damages per share that would be recoverable if Lead Plaintiff prevailed on each claim alleged.  Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Litigation, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions.

**Attorneys' Fees and Expenses**:  Plaintiff's Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of Lead Plaintiff and the Settlement Class.  Plaintiff's Counsel will ask the Court for attorneys' fees not to exceed 30% of the Settlement Amount and expenses in an amount not to exceed $110,000, plus interest, to be paid from the Settlement Fund.  In addition, Lead Plaintiff may request an award not to exceed $6,000 pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their

representation of the Settlement Class. If the Court approves Plaintiff's Counsel's Fee and Expense Application in full, and if claims are submitted for 100% of the Exicure common stock estimated to be eligible to recover under the Settlement, the average amount of fees and expenses is estimated to be approximately $0.05 per share of Exicure common stock. A copy of the Fee and Expense Application will be posted on www.ExicureSecuritiesLitigation.com after it has been filed with the Court.

<table>
<tr><td><strong>Claims Administrator:</strong><br>Exicure Securities Litigation<br>c/o Epiq Class & Claims Solutions, Inc.<br>P.O. Box 4746<br>Portland, OR 97208-4746<br>Telephone: 866-913-4224<br>info@ExicureSecuritiesLitigation.com</td><td><strong>Plaintiff's Counsel:</strong><br>Joseph A. Fonti, Esq.<br>Bleichmar Fonti & Auld LLP<br>300 Park Avenue, Suite 1301<br>New York, NY 10022<br>Telephone: 888-879-9418<br>exicuresettlement@bfalaw.com</td></tr>
</table>

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT IF YOU ARE A VALID MEMBER OF THE SETTLEMENT CLASS

| | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to be eligible to receive a payment. If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and their "Related Parties" (as defined below). **Proof of Claim and Release forms ("Proof of Claim") are available at www.ExicureSecuritiesLitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before \_\_\_\_\_, 2024.** |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that potentially allows you to participate in another lawsuit against the Defendants or their Related Parties relating to the Released Claims being released in this case. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and their Related Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be received on or before _____, 2024.** |

- 4 -

| OBJECT | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be received by the Court and counsel for the Parties on or before _____, 2024.** |
|---|---|
| **GO TO A HEARING ON _____, 2024, at _____ _.m.** | **Submitting a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses**. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| DO NOTHING | **If you are a Member of the Settlement Class and you do not submit a Proof of Claim by _____, 2024, you will not be eligible to receive any payment from the Net Settlement Fund.** You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will still be bound by any judgments or orders entered by the Court in the Litigation. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Long-Form Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments to Authorized Claimants (described below) will be made if the Court approves the Settlement, after Proofs of Claim are processed, and, if there are any appeals, after appeals are resolved. Please be patient.

**BASIC INFORMATION**

**1.    Why Did I Receive This Long-Form Notice?**

The Court authorized that this Long-Form Notice be disseminated because you or someone in your family has been identified as a potential Settlement Class Member who may have purchased or acquired shares of Exicure common stock during the Class Period. The Court directed that this Long-Form Notice be made available to Settlement Class Members to explain the Litigation, Settlement Class Members' legal rights, what benefits are available, who is eligible

---

[2] The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.ExicureSecuritiesLitigation.com.

for them, and how to get them.  The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.

**Receipt of this Long-Form Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to timely submit the Proof of Claim available at www.ExicureSecuritiesLitigation.com.**

The Court in charge of the case is the United States District Court for the Northern District of Illinois Eastern Division, and the case is known as *Colwell v. Exicure, Inc., et al.*, Case No. 1:21-cv-06637 (N.D. Ill.).  The person who sued, James Mathew, is called the Lead Plaintiff. Exicure and the individuals that the Lead Plaintiff sued, David A. Giljohann, Brian C. Bock, and Grant T. Corbett, are called the Defendants.

**2.       What Is This Lawsuit About?**

This case alleges violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class consisting of all Persons and entities who purchased or otherwise acquired Exicure common stock between January 7, 2021 and December 10, 2021, both inclusive.  Among other things, the Complaint alleges violations of the Exchange Act premised on certain statements that Lead Plaintiff claims were false or misleading, including statements concerning Exicure's XCUR-FXN drug data and disclosure controls.  Lead Plaintiff contends that these allegedly false and misleading statements and/or omissions artificially inflated or maintained Exicure's stock price and when the alleged truth was eventually disclosed, the price of Exicure's stock declined, resulting in substantial damages to the Settlement Class.  Thus, Lead Plaintiff

alleges that Settlement Class Members overpaid for Exicure common stock during the relevant time period.

Defendants have expressly denied and continue to deny any wrongdoing or liability against them arising out of any statements or omissions alleged, or that could have been alleged, in the Litigation.

### 3. What Has Happened So Far in This Case?

The Litigation is currently pending in the United States District Court for the Northern District of Illinois Eastern Division before Judge John F. Kness (the "Court"). The initial complaint in this Litigation was filed on December 13, 2021. (ECF No. 1.) An Amended Complaint was filed on February 4, 2022. (ECF No. 8.) On March 23, 2023, the Court appointed James Mathew as Lead Plaintiff and Bleichmar Fonti & Auld LLP as Lead Counsel. (ECF No. 55.)

Lead Plaintiff filed the operative Second Amended Complaint (the "Complaint") on May 26, 2023 (ECF No. 61). The Complaint alleged violations of Sections 10(b) and 20(a) of the Exchange Act of 1934.

The Parties engaged in a confidential mediation before mediator Jed Melnick on March 4, 2024. Prior to that confidential mediation, the Parties exchanged mediation statements. Despite good faith efforts to resolve the Litigation, the Parties were unable to reach agreement during that mediation session.

Over the ensuing months, the parties continued their mediation discussions under Mr. Melnick's auspices and made further progress, but were unable to reach an agreement.

On July 24, 2024, Mr. Melnick made a formal mediator's proposal that the case settle for $5,625,000 in cash. Plaintiff and Defendants Exicure, Giljohann, and Bock accepted the proposal on July 26, 2024.

### 4. Why Is This a Class Action?

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiff James Mathew) sues on behalf of people who have similar claims. Here, all these people are called the Settlement Class or Settlement Class Members. One court resolves the issues for all class members at the same time, except for those who timely and validly exclude themselves from the class (the process for which is described more fully in Question 14 below). Judge John F. Kness is presiding over this class action.

### 5. Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost and uncertainty of further litigation and a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Particularly in light of the possibility that continued litigation could result in no greater recovery than the Settlement—or no recovery at all—Lead Plaintiff and Plaintiff's Counsel believe the settlement is in the best interest of all Settlement Class Members.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 6. How Do I Know if I Am Part of the Settlement?

The Settlement Class includes all persons and entities who purchased or otherwise acquired Exicure common stock between January 7, 2021 and December 10, 2021, both inclusive

(the "Class Period"). Certain Persons and entities are excluded from this definition, as described below.

**7.      What Are the Exceptions to Being Included in the Settlement?**

Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of Exicure, and with respect to each of the foregoing, the members of their immediate families, legal representatives, affiliates, heirs, successors-in-interest, assigns, and any entity in which such excluded persons have or had a majority interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court, which are set forth in this Long-Form Notice of Pendency and Proposed Settlement of Class Action.

**8.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at www.ExicureSecuritiesLitigation.com or by phone at (866) 913-4224, or you can fill out and return the Proof of Claim described in Question 11, to see if you qualify.

<b>PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS<br>ABOUT THE SETTLEMENT</b>

<b>THE SETTLEMENT BENEFITS – WHAT YOU GET</b>

**9.      What Does the Settlement Provide?**

Defendants have agreed to settle the litigation for a total of $5,625,000.00 in cash. This amount, plus any interest earned thereon, constitutes the Settlement Fund. The balance of this fund after payment of (i) Court-approved attorneys' fees and expenses, (ii) any award to Lead Plaintiff, (iii) the costs of claims administration, including the costs of distributing the Notice and the cost of publishing notice, and (iv) Taxes and Tax Expenses, is the "Net Settlement Fund."

The Net Settlement Fund will be divided among all eligible Settlement Class Members who send in timely and valid Proofs of Claim in accordance with the Plan of Allocation described below.

**10.     How Much Will My Payment Be?**

Your payment (if any) will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members submit; the number of shares of Exicure common stock you purchased or acquired; how much you paid for those shares; when you purchased or acquired them; and if and when you sold your shares of Exicure common stock and for how much.  The Claims Administrator will apply the Plan of Allocation (appended below as Appendix A) to calculate the amount of your Recognized Claim, and your payment (if any) will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims.

**11.     How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Proof of Claim, and properly document your claim as requested in the Proof of Claim. A Proof of Claim may be downloaded at **www.ExicureSecuritiesLitigation.com** and is also available in paper form by contacting the Claims Administrator at **www.ExicureSecuritiesLitigation.com**, by phone at (866) 913-4224, or at *Exicure Securities Litigation*, c/o Epiq Class & Claims Solutions, Inc., P.O. Box 4746, Portland, Oregon 97208-4746. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is **postmarked no later than _____, 2024, or submit it online by no later than _____, 2024**. Proofs of Claim may be completed and submitted online at www.ExicureSecuritiesLitigation.com.

**12.      When Will I Receive My Payment?**

The Court will hold a hearing on _____, *2024, at __:__ _.m.*, to decide whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

**13.      What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or any of their Related Parties about the Released Claims.  It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Claims in this case against the Defendants and their Related Parties.

"**Released Claims**" means any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Defendants or their Related Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged, or referred to in the Complaint, Amended

- 11 -

Complaint, Second Amended Complaint, or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase, sale, holding, or other acquisition, disposition, or holding of Exicure common stock during the Class Period. Released Claims also include any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, which arise out of, are based on, or relate to the institution, prosecution, or settlement of the Litigation or the Released Claims against Defendants or their Related Parties. For the avoidance of doubt, Released Claims do not include the claims asserted in any derivative actions involving Exicure (including *In re Exicure, Inc. Deriv. Litig.*, No. 1:22-cv-01083 (N.D. Ill.) and *Stourbridge Invs. LLC v. Giljohann, et al.*, No. 1:22-cv-00526-RGA (D. Del.)), and any other claims any Defendant, and/or their Related Parties, in this action may have against any other Defendant, and/or their Related Parties, in this action. Released Claims shall not include claims to enforce the Settlement.

"**Unknown Claims**" means collectively (i) any Released Claims that Plaintiff or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement; and (ii) any Released Claims that Defendants and their Related Parties do not know or

suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Plaintiff, Plaintiff's Counsel, and/or Settlement Class Members. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff, Defendants, and Defendants' Related Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiff, Settlement Class Members, Defendants, and Defendants' Related Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiff, Defendants, and Defendants' Related Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiff, Defendants, and Defendants' Related Parties acknowledge, and Settlement Class Members shall

be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of Defendants, each and all of their respective Related Parties, Plaintiff, Settlement Class Members, and Plaintiff's Counsel.

"**Defendants**" means Exicure, Inc., David A. Giljohann, Brian C. Bock, and Grant T. Corbett.

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a majority interest (directly or indirectly).

"**Plaintiff's Counsel**" means Lead Counsel Bleichmar Fonti & Auld LLP ("Lead Counsel"); Fegan Scott LLC; and The Schall Law Firm.

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their

- 14 -

Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, Lead Plaintiff and all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any of their Related Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.**

**If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.**

- 15 -

**14.     How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class, you must submit a written request for exclusion to the Claims Administrator online at www.ExicureSecuritiesLitigation.com or by mail to the following address:

*Exicure Securities Litigation*
EXCLUSIONS
c/o Epiq Class & Claims Solutions, Inc.
P.O. Box 4746
Portland, OR 97208-4746

You cannot exclude yourself by telephone or email.  Your request for exclusion must state that you want to be excluded from *Colwell v. Exicure, Inc., et al.,* Case No. 1:21-cv-06637 (N.D. Ill.), and must: (i) include the name, address, and telephone number for you or the entity seeking exclusion; (ii) state that you or the entity wish to be "excluded from the Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all shares of Exicure common stock purchased and/or sold during the Class Period; and (iv) be signed by you or the entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion will be considered valid unless it is timely and provides all of the information described above.

**Your exclusion request must be submitted online or received by the Claims Administrator no later than _____, 2024.**

Do not submit a request for exclusion as well as an objection and/or Proof of Claim.  If you do so, your objection and/or Proof of Claim will be disregarded and you will be excluded from the Settlement Class.

- 16 -

**15.** **If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and their Related Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2024.

**16.** **If I Exclude Myself, Can I Receive Money From This Settlement?**

No.  If you exclude yourself, you are not a Settlement Class Member and cannot submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**17.** **Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Bleichmar Fonti & Auld LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be directly charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.** **How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 30% of the Settlement Amount, and for expenses in an amount not to exceed $110,000, plus interest that is incurred on these amounts at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Plaintiff's Counsel has committed a substantial amount of time and

significant expenses in litigating this case for the benefit of the Settlement Class. To date, Plaintiff's Counsel has not been paid for its services in conducting this Litigation on behalf of Lead Plaintiff and the Settlement Class, nor for its expenses. The fees requested will compensate counsel for its work in achieving the Settlement Fund for the benefit of the Settlement Class.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How Do I Tell the Court That I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement or to certain aspects of the Settlement in *Colwell v. Exicure, Inc., et al.,* Case No. 1:21-cv-06637 (N.D. Ill.), which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of shares of Exicure common stock purchased, acquired, and sold during the Class Period, as well as the dates and prices of each such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (4) identify any other class action settlement(s) in which the objector or the objector's attorney has objected; (5) include copies of any papers or other documents upon which the objection is based; and (6) include the objector's signature, even if represented by counsel. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making

any objection to the proposed Settlement, the Plan of Allocation, the request for attorneys' fees and expenses, and the requested award to Lead Plaintiff.

Any objection ***must*** be mailed or delivered such that it is ***received*** by ***each*** of the following (not simply postmarked) ***no later than*** _____, ***2024***:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Dirksen Federal Building
219 South Dearborn Street
Chicago, IL 60604

*Lead Counsel:*

Joseph A. Fonti
BLEICHMAR FONTI & AULD LLP
300 Park Avenue, Suite 1301
New York, NY 10022
Emailed copy to exicuresettlement@bfalaw.com

*Counsel for Defendants*:

Douglas L. Shively
BAKER & HOSTETLER LLP
One North Wacker Drive
Chicago, IL 60606
Emailed copy to dshively@bakerlaw.com

Bethany K. Biesenthal
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606
Emailed copy to
bbiesenthal@jonesday.com

Andrew C. Porter
SALVATORE PRESCOTT PORTER &
PORTER
1010 Davis Street
Evanston, IL 60201
Emailed copy to aporter@sppplaw.com

- 19 -

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, and any request for an award of attorneys' fees and expenses and an award to Lead Plaintiff. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

**20.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FINAL APPROVAL HEARING**

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

**21.     When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a Final Approval Hearing at __:__ _.m., on _____, *2024*, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, consider any objections, and listen to people who have asked to speak at the hearing.[3] The Court may move the date or time of the Final Approval Hearing to a later date and/or time

---

[3] The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application will be submitted to the Court no later than thirty-five (35) calendar days before the Final Approval Hearing, and posted on the Settlement website, www.ExicureSecuritiesLitigation.com.

without further written notice to you. If the date or time of the Final Approval Hearing is changed, the new date and/or time will be posted at www.ExicureSecuritiesLitigation.com.

**22.      Do I Have to Come to the Hearing?**

No. Plaintiff's Counsel will answer any questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval. If you send an objection or statement in support of the Settlement, you are not required to go to Court to discuss it; you may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.

**23.      May I Speak at the Hearing?**

If you have timely filed an objection, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, your written objection must (in addition to the information specified in Question 19 above) state your intention to appear at the hearing, and must include the identity of any witnesses you may call to testify and copies of any exhibits you intend to introduce into evidence at the Final Approval Hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**24.      What Happens If I Do Nothing at All?**

If you do nothing, you will be a Settlement Class Member. However, you will not receive any money from this Settlement unless you submit a Proof of Claim. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or their Related Parties about the Released Claims.

**GETTING MORE INFORMATION**

**25.    How Do I Get More Information?**

This Long-Form Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement.  More details are in the Stipulation.  You can obtain a copy of the Stipulation by going to www.ExicureSecuritiesLitigation.com or by calling or writing the Claims Administrator at (866) 913-4224 or *Exicure Securities Litigation*, c/o Epiq Class & Claims Solutions, Inc., P.O. Box 4746, Portland, OR 97208-4746; by contacting Plaintiff's Counsel at exicuresettlement@bfalaw.com or (888) 879-9418; or by visiting the Clerk's office at the United States District Court for the Northern District of Illinois Eastern Division, Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours.

*DO NOT TELEPHONE THE DEFENDANTS OR THE COURT*

*REGARDING THIS NOTICE*

If you have questions about the Settlement, you can contact the Claims Administrator by going to www.ExicureSecuritiesLitigation.com, calling (866) 913-4224, or writing to *Exicure Securities Litigation*, c/o Epiq Class & Claims Solutions, Inc., P.O. Box 4746, Portland, OR 97208-4746, or contact Plaintiff's Counsel at exicuresettlement@bfalaw.com or (888) 879-9418.

**APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND**

**PROPOSED PLAN OF ALLOCATION**

1.    The objective of the Plan of Allocation is to fairly distribute the Net Settlement Fund to Authorized Claimants who suffered economic losses as a result of the violations of the securities laws alleged in this Action.  The calculations are not intended to estimate the damages the Class might have recovered after a trial, or the amount Authorized Claimants will be paid under

the Settlement. These calculations are only a method to weigh Authorized Claims against one another to make fair *pro rata* allocations of the Net Settlement Fund.

2. To create the Plan of Allocation, Lead Plaintiff's expert estimated the artificial inflation caused by Defendants' allegedly misleading statements and omissions and considered the impact of subsequent public announcements that Lead Plaintiff believes corrected those statements and omissions. The expert also adjusted for price changes caused by regular market or industry forces, on a per share basis.

3. The alleged misstatements and omissions occurred between January 7, 2021, and November 19, 2021. Plaintiff alleges that the truth was disclosed on: November 15, 2021 (after market close), November 19, 2021 (prior to market open), and December 10, 2021 (after market close), removing the artificial inflation from Exicure's stock price, causing it to decline on: November 16, 2021, November 17, 2021, November 18, 2021, November 19, 2021, and December 13, 2021.

4. Recognized Loss Amounts are based primarily on the difference between the amount of alleged artificial inflation in Exicure's stock price at the time of purchase and sale; or the difference between the actual purchase price and the sale price. Accordingly, to have a Recognized Loss Amount under this plan, an Authorized Claimant that purchased or acquired Exicure common stock before any corrective disclosure must have held the shares through at least the start of trading on November 16, 2021. An Authorized Claimant that purchased or acquired Exicure common stock from November 16, 2021, through December 10, 2021, must have held those shares through at least one of the later corrective disclosure dates (listed above).

CALCULATION OF RECOGNIZED LOSS AMOUNTS

5. Based on the formula stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Exicure common stock that is listed on the Claim Form and for

- 23 -

which adequate documentation is provided.  Where indicated below, purchase and sale prices shall exclude fees, taxes, and commissions.  If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

6.　　　　For each share of Exicure common stock purchased or otherwise acquired during the Settlement Class Period (*i.e.*, during the period from January 7, 2021 through and including December 10, 2021), and:

(a)　　Sold before November 16, 2021, the Recognized Loss Amount will be $0.00.[4]

(b)　　Sold from November 16, 2021 through and including December 10, 2021, the Recognized Loss Amount will be ***the lesser of***:  (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A *minus* the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions).

(c)　　Sold from December 13, 2021 through and including the close of trading on March 11, 2022, the Recognized Loss Amount will be ***the least of***:  (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the sale price (excluding all fees, taxes, and commissions); or (iii) the purchase/acquisition price (excluding all fees, taxes, and commissions) *minus* the average closing price between December 13, 2021 and the date of sale as stated in Table B below.

(d)　　Held as of the close of trading on March 11, 2022, the Recognized Loss Amount will be ***the lesser of***:  (i) the amount of artificial inflation per share on the date of purchase/acquisition; or (ii) the purchase/acquisition price minus $0.20.[5]

---

[4] Any transactions in Exicure common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing

ADDITIONAL PROVISIONS

7.      **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Exicure common stock.

8.      **FIFO Matching:**   If a Settlement Class Member made more than one purchase/acquisition or sale of Exicure common stock during the Settlement Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out (FIFO) basis.  Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

9.      **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Exicure common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Exicure common stock during the Settlement Class Period shall not be deemed a purchase, acquisition or sale of Exicure common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Exicure common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Exicure common stock during the Settlement Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Exicure common stock.

---

prices of Exicure common stock during the "90-day look-back period," December 13, 2021 through and including March 11, 2022.  The mean (average) closing price for Exicure common stock during this 90-day look-back period was $0.20.

10. **Short Sales:** The Recognized Loss Amount on short sales and purchases covering short sales is zero. If Claimant has an opening short position in Exicure common stock, the earliest purchases or acquisitions of Exicure common stock during the Settlement Class Period will be matched against such opening short position and not be entitled to a recovery until that short position is fully covered. The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Exicure common stock. The date of a "short sale" is deemed to be the date of sale of the Exicure common stock.

11. **Common Stock Purchased/Sold Through the Exercise of Options:** The purchase or sale date is the exercise date of the option, and the purchase or sale price is the exercise price of the option.

12. **Determination of Distribution Amount:** If the total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

13. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

14. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

15.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the Net Settlement Fund a reasonable period of time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution.  Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be donated to a non-profit, charitable organization serving the public interest and unaffiliated with the Parties or their counsel, selected by Lead Counsel.

16.     Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages expert, Lead Plaintiff's consulting experts, Defendants, Defendants' Counsel, or any of the other Released Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court.  Lead Plaintiff, Defendants, and their respective

counsel, and all other Released Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

17.     The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the case website, www.ExicureSecuritiesLitigation.com.

**TABLE A**
**Estimated Artificial Inflation with Respect to Exicure Common Stock Transactions**
**January 7, 2021 through and including December 10, 2021**

| Date Range | Artificial Inflation Per Share |
|---|---|
| January 7, 2021 – November 15, 2021 | $0.79 |
| November 16, 2021 | $0.50 |
| November 17, 2021 | $0.44 |
| November 18, 2021 | $0.39 |
| November 19, 2021 – December 10, 2021 | $0.19 |

**TABLE B**
**90-Day Look-back Table for Exicure Common Stock**
**Closing Price and Average Closing Price**
**December 13, 2021 through March 11, 2022**

| Date | Closing Price | Average Closing Price Between December 13, 2021 and Date Shown | | Date | Closing Price | Average Closing Price Between December 13, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 12/13/2021 | $0.27 | $0.27 | | 1/27/2022 | $0.16 | $0.20 |
| 12/14/2021 | $0.25 | $0.26 | | 1/28/2022 | $0.16 | $0.20 |
| 12/15/2021 | $0.25 | $0.26 | | 1/31/2022 | $0.20 | $0.20 |
| 12/16/2021 | $0.26 | $0.26 | | 2/1/2022 | $0.21 | $0.20 |
| 12/17/2021 | $0.25 | $0.26 | | 2/2/2022 | $0.24 | $0.20 |
| 12/20/2021 | $0.24 | $0.26 | | 2/3/2022 | $0.21 | $0.20 |
| 12/21/2021 | $0.24 | $0.25 | | 2/4/2022 | $0.21 | $0.20 |
| 12/22/2021 | $0.22 | $0.25 | | 2/7/2022 | $0.19 | $0.20 |
| 12/23/2021 | $0.22 | $0.25 | | 2/8/2022 | $0.18 | $0.20 |
| 12/27/2021 | $0.22 | $0.24 | | 2/9/2022 | $0.18 | $0.20 |
| 12/28/2021 | $0.21 | $0.24 | | 2/10/2022 | $0.19 | $0.20 |
| 12/29/2021 | $0.19 | $0.24 | | 2/11/2022 | $0.17 | $0.20 |
| 12/30/2021 | $0.20 | $0.23 | | 2/14/2022 | $0.17 | $0.20 |
| 12/31/2021 | $0.20 | $0.23 | | 2/15/2022 | $0.18 | $0.20 |
| 1/3/2022 | $0.23 | $0.23 | | 2/16/2022 | $0.18 | $0.20 |
| 1/4/2022 | $0.22 | $0.23 | | 2/17/2022 | $0.18 | $0.20 |
| 1/5/2022 | $0.20 | $0.23 | | 2/18/2022 | $0.18 | $0.20 |
| 1/6/2022 | $0.20 | $0.23 | | 2/22/2022 | $0.17 | $0.20 |
| 1/7/2022 | $0.20 | $0.23 | | 2/23/2022 | $0.16 | $0.20 |
| 1/10/2022 | $0.19 | $0.22 | | 2/24/2022 | $0.17 | $0.20 |
| 1/11/2022 | $0.20 | $0.22 | | 2/25/2022 | $0.18 | $0.20 |
| 1/12/2022 | $0.19 | $0.22 | | 2/28/2022 | $0.20 | $0.20 |
| 1/13/2022 | $0.18 | $0.22 | | 3/1/2022 | $0.21 | $0.20 |
| 1/14/2022 | $0.18 | $0.22 | | 3/2/2022 | $0.26 | $0.20 |
| 1/18/2022 | $0.17 | $0.22 | | 3/3/2022 | $0.23 | $0.20 |
| 1/19/2022 | $0.17 | $0.21 | | 3/4/2022 | $0.20 | $0.20 |
| 1/20/2022 | $0.16 | $0.21 | | 3/7/2022 | $0.21 | $0.20 |
| 1/21/2022 | $0.16 | $0.21 | | 3/8/2022 | $0.23 | $0.20 |
| 1/24/2022 | $0.16 | $0.21 | | 3/9/2022 | $0.23 | $0.20 |
| 1/25/2022 | $0.16 | $0.21 | | 3/10/2022 | $0.21 | $0.20 |
| 1/26/2022 | $0.16 | $0.21 | | 3/11/2022 | $0.20 | $0.20 |

- 30 -

DATED:_____

BY THE COURT:

_____

Judge John F. Kness