UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXICURE, INC., DAVID A. GILJOHANN, BRIAN C. BOCK, and GRANT T. CORBETT,<br><br>Defendants. | Case No. 1:21-CV-06637<br><br>Honorable John F. Kness |

**SUMMARY NOTICE**

**EXHIBIT A-4**

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED EXICURE COMMON STOCK BETWEEN JANUARY 7, 2021 AND DECEMBER 10, 2021, BOTH INCLUSIVE (the "Settlement Class")[1].**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois Eastern Division (the "Court") and Rule 23 of the Federal Rules of Civil Procedure, that a hearing will be held on _____, 2024, at __:__ _.m., before the Honorable John F. Kness, at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, for the purpose of determining: (1) whether the proposed settlement of the claims in the above-captioned litigation (the "Litigation") for the sum of $5,625,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated September 6, 2024 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application for payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class).  The Court may change the date of this hearing, or hold it remotely, without providing another notice.  You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been preliminarily certified as a class action on behalf of a Settlement Class of all Persons or entities that who purchased or otherwise acquired Exicure common stock between January 7, 2021 and December 10, 2021, both inclusive, except for certain Persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below.  If the Settlement is approved, it will resolve all claims in the Litigation.  Capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Long-Form Notice and/or Stipulation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at www.ExicureSecuritiesLitigation.com or by contacting the Claims Administrator at: *Exicure Securities Litigation*, Claims Administrator, c/o Epiq Class & Claims Solutions, Inc., P.O. Box 4746, Portland, OR 97208-4746, or (866) 913-4224.

---

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated September 6, 2024 (the "Stipulation"), which is available on the website established for the Settlement at www.ExicureSecuritiesLitigation.com.

**If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.ExicureSecuritiesLitigation.com or by mail postmarked no later than _____, 2024 [90 calendar days from Notice Date]. Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by _____, 2024 [45 calendar days from Notice Date], in the manner and form explained in the detailed Long-Form Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be mailed or delivered to the Clerk of Court and counsel for the Parties at the addresses below such that it is received no later than _____, 2024 [21 calendar days prior to the Final Approval Hearing]:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION
Dirksen Federal Building
219 South Dearborn Street
Chicago, IL 60604

*Lead Counsel:*

Joseph A. Fonti
BLEICHMAR FONTI & AULD LLP
300 Park Avenue, Suite 1301
New York, NY 10022
Emailed copy to exicuresettlement@bfalaw.com

*Counsel for Defendants*:

Douglas L. Shively
BAKER & HOSTETLER LLP
One North Wacker Drive
Chicago, IL 60606
Emailed copy to dshively@bakerlaw.com

Bethany K. Biesenthal
JONES DAY
110 North Wacker Drive, Suite 4800
Chicago, IL 60606

- 3 -

Emailed copy to
bbiesenthal@jonesday.com

Andrew C. Porter
SALVATORE PRESCOTT PORTER &
PORTER
1010 Davis Street
Evanston, IL 60201
Emailed copy to aporter@sppplaw.com

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE**. If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email exicuresettlement@bfalaw.com, call (888) 879-9418, or go to the following website: www.ExicureSecuritiesLitigation.com.

DATED:_____

BY THE COURT:

_____

Judge John F. Kness

- 3 -