UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK COLWELL, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

EXICURE, INC., DAVID A. GILJOHANN,
BRIAN C. BOCK, and GRANT T. CORBETT,

Defendants.

Case No. 1:21-CV-06637

Honorable John F. Kness

**[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT**

**EXHIBIT B**

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice ("Notice Order") dated _____, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated September 6, 2024 (the "Stipulation")[1]. Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

---

[1] Any capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation.

- 1 -

1.      This Court has jurisdiction over the subject matter of the Litigation and all matters relating to the Settlement, and personal jurisdiction over all Parties to the Litigation, including all Members of the Settlement Class.

2.      All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

3.      For settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Lead Plaintiff are typical of the claims of the Settlement Class; (iv) Lead Plaintiff and Lead Plaintiff's Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: that the claims of Settlement Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all persons and entities who purchased or otherwise acquired Exicure common stock between January 7, 2021 and December 10, 2021, both inclusive.  Excluded from

the Settlement Class are: Defendants, the current and Class Period officers and directors of Exicure, and with respect to each of the foregoing, the members of their immediate families, legal representatives, affiliates, heirs, successors-in-interest, assigns, and any entity in which such excluded persons have or had a majority interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court in the Long-Form Notice of Pendency and Proposed Settlement of Class Action.

5.      Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Lead Plaintiff as Settlement Class Representative for the Settlement Class, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class Counsel. Settlement Class Representative and Settlement Class Counsel have fairly and adequately represented the Settlement Class and satisfied the requirements of Federal Rule of Civil Procedure 23.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement, the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in this Litigation, as provided for therein) and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Lead Plaintiff's Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the

Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

7.      Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, the Court hereby dismisses the Litigation and all Released Claims of Lead Plaintiff and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

8.      All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Order, pursuant to their terms.

9.      The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form ("Proof of Claim") or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10.      Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund, and whether or not such Settlement Class Member objects to the Settlement.  Claims to enforce the terms of the Stipulation

are not released. For the avoidance of doubt, the releases herein do not include the claims asserted in any derivative actions involving Exicure (including *In re Exicure, Inc. Deriv. Litig.*, No. 1:22-cv-01083 (N.D. Ill.) and *Stourbridge Invs. LLC v. Giljohann, et al.*, No. 1:22-cv-00526-RGA (D. Del.)), and any other claims any Defendant, and/or their Related Parties, in this action may have against any other Defendant, and/or their Related Parties, in this action.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, Plaintiff's Counsel, Settlement Class Members, and their employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of: (i) the Litigation; or (ii) the Released Claims, except for those claims brought to enforce the Settlement.

12. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

13. Upon the Effective Date, any and all future claims for contribution or indemnity (or any other claim or claim-over, however denominated, for which the injury claimed is that person's or entity's alleged liability to Lead Plaintiff or Settlement Class Members) among and against Lead Plaintiff, any and all Settlement Class Members, and Defendants arising out of the Litigation and Released Claims are permanently barred, extinguished, and discharged to the fullest extent

- 5 -

permitted by law (the "Bar Order"), provided, however, that the Bar Order shall not preclude either (i) Defendants from seeking to enforce any rights they may have under any applicable insurance policies or (ii) any right of indemnification or contribution that Defendants may have under contract or otherwise. The Bar Order shall be consistent with, and apply to the full extent of, the Private Securities Litigation Reform Act.

14. Notwithstanding any of the foregoing, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15. The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice in accordance with the Notice Order entered on _____, 2024: (i) complied with the terms of the Stipulation and the Notice Order; (ii) constituted the best notice practicable under the circumstances; (iii) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (iv) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (v) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA, the rules of this Court, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Members

of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit 1 to this Final Judgment.

16. Exicure has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Exicure timely mailed, or caused to be mailed, notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Exicure has complied in all respects with the notice requirements of CAFA.

17. Any plan of allocation submitted by Lead Plaintiff's Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission, including with respect to any statement or written document attributed to, approved or made by, any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding, or other forum or tribunal.

19. Defendants and their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based

- 7 -

on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without affecting the finality of this Judgment in any way, this Court shall retain jurisdiction with respect to implementation and enforcement of the Settlement and terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

21. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

22. Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Stipulation.

23. If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, all of whom shall revert to their respective positions in the Litigation as of August 6, 2024.

24.    The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members.  Lead Plaintiff's Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

25.    There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


DATED:_____

BY THE COURT:

_____

Judge John F. Kness

United States District Court for the
Northern District of Illinois
Eastern Division