# Exhibit H

**Declaration of Jed Melnick in Support of Final Approval of Proposed Class Action Settlement**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXICURE, INC., DAVID A. GILJOHANN, BRIAN C. BOCK, and GRANT T. CORBETT, <br><br> Defendants. | Case No. 1:21-CV-06637 <br><br> Honorable John F. Kness |

**DECLARATION OF JED MELNICK IN SUPPORT OF FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**

I, Jed Melnick, being duly sworn, hereby declare pursuant to Section 1746 of Title 28 of the United States Code:

1.      I submit this Declaration in my capacity as the mediator in the above-captioned securities class action and in connection with the proposed settlement of the Litigation.[1]  I make this Declaration based on personal knowledge and am competent to so testify.[2]

## I.      BACKGROUND AND QUALIFICATIONS

2.      I currently serve at JAMS in New York, New York as a Mediator and Special Master in complex business litigation pending throughout the United States and the world, including, but not limited to securities and derivative class actions, antitrust matters, bankruptcy and trustee matters, consumer class actions, contract disputes, ERISA and employment litigation, insurance coverage litigation, contract disputes, and other commercial disputes.

3.      I earned my Bachelor of Arts degree from Grinnell College in 1994, and my Juris Doctor degree from Benjamin N. Cardozo School of Law in 1999.

4.      My professional biography can be found here: https://www.jamsadr.com/melnick/.

## II.      THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

5.      The parties held a private, in-person, all-day mediation before me on March 4, 2024.  The attendees included counsel for Lead Plaintiff, counsel for Defendants Exicure, Giljohann, and Bock, and representatives of these Defendants' insurance carriers.  Prior to the

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement, (the "Stipulation," ECF No. 99).

[2] While the mediation process is confidential, the parties have authorized me to inform the Court of the matters set forth herein in support of final approval of the settlement.  My statements and those of the parties during the mediation process are subject to Federal Rule of Evidence 408, and there is no intention on either my part or the parties' part to waive the protections of Rule 408.

mediation conference, the parties exchanged confidential mediation statements and I conferred separately with both sides.

6.      During the March 4, 2024, mediation, I engaged in separate discussions with counsel for the Plaintiff and Defendants Exicure, Giljohann, and Bock on the strengths and weaknesses of the parties' claims and defenses, as well as consideration of Exicure's financial condition and Defendants' insurance coverage.  Throughout the day, the parties made offers and counteroffers to resolve the litigation, but the parties were not able to independently reach a resolution, and the March 4, 2024 mediation ended without any agreement.

7.      Over the next several months, I continued to work with the parties to facilitate their exchange of further offers and counteroffers.  Again, however, the parties were unable to reach agreement.

8.      Finally, on July 24, 2024, I made a formal mediator's proposal that the case settle for $5,625,000.  On July 26, 2024, Plaintiff and Defendants Exicure, Giljohann, and Bock accepted the proposal, and all parties subsequently executed the Stipulation, reaching a settlement in principle on the terms set forth in the Stipulation.

## III.    CONCLUSION

9.      Based on my experience as a litigator and a mediator, I believe that it was in the best interests of the parties that they avoid the burdens and risks associated with further litigation. I support the Court's approval of the settlement in all respects.

10.      Lastly, the mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides.  Throughout the mediation process, I found the negotiations between the parties to be vigorous and conducted at arm's-length and in good faith.  Because the parties made their mediation submissions and

arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content.  I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial, and they reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in the case and the other relevant considerations pertinent to the parties' negotiations.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Dated:  New York, New York
            November 19, 2024

By:    */s/Jed Melnick*
            Jed Melnick