UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK COLWELL, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

        v.

EXICURE, INC., DAVID A. GILJOHANN,
BRIAN C. BOCK, and GRANT T. CORBETT,

        Defendants.

Case No. 1:21-CV-06637

Honorable John F. Kness

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF
PROPOSED CLASS ACTION SETTLEMENT; AND
(II) LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES,
LITIGATION EXPENSES, AND LEAD PLAINTIFF'S
<u>REASONABLE COSTS AND EXPENSES</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

I.      NO SETTLEMENT MEMBER HAS OBJECTED............................................... 1

II.     THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT
        AND APPROVE THE PLAN OF ALLOCATION.............................................. 2

III.    THE REQUESTED FEE AND EXPENSE AWARDS, AND
        LEAD PLAINTIFF'S COSTS AND EXPENSES, SHOULD BE APPROVED ............... 4

CONCLUSION................................................................................................................ 5

i

Lead Plaintiff and Lead Counsel respectfully submit this combined reply in further support of (I) Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement (ECF No. 104); and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Lead Plaintiff's Reasonable Costs and Expenses (ECF No. 106).[1]

### PRELIMINARY STATEMENT

On December 9, 2024, Lead Plaintiff and Lead Counsel filed memoranda of law and declarations detailing Plaintiff's Counsel's extensive effort to achieve the proposed $5.625 million Settlement and the grounds for the requested fees and expenses. (*See* ECF Nos. 105, 107, and 108.) No objections have been submitted, and only one Settlement Class Member has sought exclusion. This highly positive response from the Settlement Class confirms that the Settlement is fair, reasonable, and adequate, and that the requested fee and expense awards are appropriate.

### I. NO SETTLEMENT MEMBER HAS OBJECTED

No Settlement Class Member has objected to any aspect of the proposed Settlement, the Plan of Allocation, or the requested fee and expense awards.

The Settlement Class was apprised of the proposed Settlement through a robust notice program that has included the transmission of 8,175 copies of the Notice, wide-reaching publication of the Summary Notice, a Settlement Website, and a dedicated telephone line (*See* ECF No. 108-5 (Kimball Decl.) ¶¶11, 13-25; Supp. Kimball Decl. ¶¶3-5, submitted herewith). Settlement Class Members continue to submit claims and inquire about the Settlement, with 113 claims filed, 745 unique visitors to the Settlement Website, 29 calls to the Claims Administrator

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement (the "Stipulation") (ECF No. 99) and the Declaration of Evan A. Kubota in Support of (I) Lead Plaintiff's Motion for Final Approval of the Settlement and Approval of the Plan of Allocation and (II) Lead Counsel's Motion for Attorneys' Fees, Litigation Expenses, and Lead Plaintiff's Reasonable Costs and Expenses (the "Kubota Declaration") (ECF No. 108). Citations to "Ex." refer to the exhibits to the Kubota Declaration. Emphasis is added, and citations omitted, unless otherwise noted.

(Epiq), and 75 emails and mailed correspondence to Epiq as of January 6, 2024. (Supp. Kimball Decl. ¶¶7-10.)

The deadlines for exclusion requests (December 13, 2024) and objections (December 23, 2024) have now passed. Only a single Settlement Class Member has sought exclusion, and no Settlement Class Member has objected to the Settlement, the requested awards of fees and expenses, or any other matter. (*Id.* ¶¶13-14.)

The absence of objections strongly supports final approval. "[I]n litigation involving a large class, such as that here, it [is] extremely unusual not to encounter objections." *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 478 (S.D.N.Y. 1998). Indeed, the total "lack of objections" and only a single opt out, certainly consisting of "less than 1% of the class," "indicates strong support for the Settlement from the Settlement Class." *Slaughter v. Wells Fargo Advisors, LLC*, No. 13-CV-06368, 2017 WL 3128802, at \*2 (N.D. Ill. May 4, 2017).[2]

## II.     THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT AND APPROVE THE PLAN OF ALLOCATION

Lead Plaintiff's December 9 opening papers demonstrate that the proposed $5.625 million Settlement is fair, reasonable, and adequate. (*See* ECF No. 105 at 7-13 of 15.) For example, the Settlement recovers more than four times higher than the average recovery in Section 10(b) cases between 2014-2023.[3] That is a highly favorable result, particularly in light of Exicure's

---

[2] Even where several class numbers have objected and dozens have sought exclusion, courts have found that "[s]uch a low level of opposition supports the reasonableness of the settlement." *In re Sw. Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 4510197, at \*7 (N.D. Ill. Aug. 26, 2013), *aff'd in relevant part*, 799 F.3d 701 (7th Cir. 2015) (approving settlement over 13 objections and where 73 class members sought exclusion); *see also In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 965 (N.D. Ill. 2011) (approving settlement over 10 objections and with 235 class members seeking exclusion).

[3] *See* Cornerstone Research, *Securities Class Action Settlements – 2023 Review and Analysis*, at 8, *available at* https://www.cornerstone.com/wp-content/uploads/2024/03/Securities-Class-Action-Settlements-2023-Review-and-Analysis.pdf.

deteriorating financial condition. The Company continues to warn investors that "there is substantial doubt about the Company's ability to continue as a going concern," and that Exicure "may need to seek bankruptcy protection in the near term."[4]

The Settlement Class's reaction strongly favors final approval. After over 8,100 Notices were disseminated, only a single Settlement Class Member has opted out and none have objected to the proposed Settlement, confirming that the $5.625 million Settlement is an excellent result. "The absence of any objections to the Settlement" supports final approval. *Wolfe v. TCC Wireless, LLC*, No. 16 C 11663, 2018 WL 11215318, at *2 (N.D. Ill. Mar. 12, 2018); *see also T.K. Through Leshore v. Bytedance Tech. Co.*, No. 19-CV-7915, 2022 WL 888943, at *16 (N.D. Ill. Mar. 25, 2022) (seven opt-outs and one objection "suggests strong support"); *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1021 (N.D. Ill. 2000), *aff'd*, 267 F.3d 743 (7th Cir. 2001) (that more than "99.9% of class members have neither opted out nor filed objections . . . is strong circumstantial evidence in favor of the settlement"). "Such a positive response to the Settlement by the Class is strong evidence that the settlement is fair, reasonable, and adequate and should be approved." *Goldsmith v. Tech. Sols. Co.*, No. 92 C 4374, 1995 WL 17009594, at *5 (N.D. Ill. Oct. 10, 1995).

Thus, final approval of the Settlement is warranted. With this reply, Lead Counsel is submitting a proposed Final Judgment Approving Settlement that includes a final version of Exhibit 1 (listing persons excluded from the Settlement Class).

---

[4] *See* Exicure Form 10-Q, dated Nov. 14, 2024, *available at* https://www.sec.gov/ix?doc=/ Archives/edgar/data/0001698530/000169853024000117/xcur-20240930.htm.

Likewise, the Settlement Class's reaction supports approval of the Plan of Allocation, which provides an appropriate mechanism for the distribution of the Net Settlement Fund. (*See* ECF No. 105 at 13-14 of 15.) No Settlement Class Member has objected to the Plan of Allocation.

## III. THE REQUESTED FEE AND EXPENSE AWARDS, AND LEAD PLAINTIFF'S COSTS AND EXPENSES, SHOULD BE APPROVED

Consistent with the Notice, on December 9, 2024, Lead Counsel moved for (i) an award of attorneys' fees of 30% of the Settlement Fund (plus interest); (ii) litigation expenses of $77,281 (plus interest); and (iii) an award of $6,000 to Lead Plaintiff. Lead Counsel's motion and supporting papers were posted to the Settlement Website. (Supp. Kimball Decl. ¶7.)

As Lead Counsel's motion demonstrates, the requested 30% fee is reasonable and consistent with other securities class settlements in this District and around the country. (*See* ECF No. 107 at 7-9 of 19.) Other factors also support the requested fee, including the significant risk of nonpayment, particularly given Exicure's declining financial condition; the exceptional result achieved; and Plaintiff's Counsel's experience, skill, and investment of over 570 hours of work to achieve the Settlement. (*See id.* at 9-14.)

The Settlement Class's reaction strongly supports the requested awards. Again, no Settlement Class Members have objected to any aspect of the requested awards of attorneys' fees, litigation expenses, and Lead Plaintiff's reasonable costs and expenses. The "absence of objection is a rare phenomenon, and indicates the appropriateness of the fee request." *McDaniel v. Qwest Comms. Corp.*, No. CV 05 C 1008, 2011 WL 13257336, at *4 (N.D. Ill. Aug. 29, 2011), *aff'd sub nom. Bauer v. Qwest Comms. Co., LLC*, 743 F.3d 221 (7th Cir. 2014); *see also In re Gohealth, Inc. Sec. Litig.,* No. 1:20-CV-05593, 2024 WL 3647088, at *2 (N.D. Ill. May 22, 2024) (fact that "no objections to the fees or expenses were filed by Class Members" favored fee and expense award); *BNVS Transp. LLC v. C&K Trucking, LLC*, No. 1:20-CV-04305, 2023 WL 11983614, at

4

*3 (N.D. Ill. Feb. 22, 2023) (approving requested awards where "[n]o class member has objected to the Settlement, the motion for attorneys' fees and costs, or the motion for service awards").

Based on the supporting record and the Settlement Class's favorable reaction, Lead Counsel respectfully submits that the requested attorneys' fees, litigation expenses, and Lead Plaintiff's costs and expenses are reasonable and should be granted.

## CONCLUSION

Lead Plaintiff and Lead Counsel respectfully request that the Court (1) grant Lead Plaintiff's motion for final approval of the Settlement and approval of the Plan of Allocation, and (2) grant Lead Counsel's motion for attorneys' fees, litigation expenses, and Lead Plaintiff's reasonable costs and expenses.

Dated: January 6, 2025

By: */s/ Joseph A. Fonti*

Joseph A. Fonti (*pro hac vice*)
Evan A. Kubota (*pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
300 Park Avenue, Suite 1301
New York, NY 10022
Tel.: (212) 789-1340
jfonti@bfalaw.com
ekubota@bfalaw.com

*Counsel for Lead Plaintiff James Mathew*
*and Lead Counsel for the Class*

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, IL 60606
Telephone: (312) 741-1019
beth@feganscott.com

*Local Counsel for Lead Plaintiff James*
*Mathew*

5

Brian Schall (*pro hac vice*)
**THE SCHALL LAW FIRM**
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*James Mathew*