UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK COLWELL, Individually and on
Behalf of All Others Similarly Situated,

Plaintiff,

v.

EXICURE, INC., DAVID A. GILJOHANN,
BRIAN C. BOCK, and GRANT T. CORBETT,

Defendants.

Case No. 1:21-CV-06637

Honorable John F. Kness

**SUPPLEMENTAL DECLARATION OF MORGAN KIMBALL REGARDING
(I) MAILING OF NOTICE; (II) THE SETTLEMENT WEBSITE AND CONTACT
CENTER SERVICES; (III) CLAIM FILING; AND (IV) REQUESTS FOR EXCLUSION
AND OBJECTIONS RECEIVED TO DATE**

I, Morgan Kimball, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1. I am a Project Manager for Epiq Class Action and Claims Solutions, Inc. ("Epiq"). I am providing this declaration at the request of Lead Counsel Bleichmar Fonti & Auld LLP ("Lead Counsel"), on behalf of Lead Plaintiff, in connection with Lead Plaintiff's Motion for Final Approval of Proposed Class Action Settlement.[1] This declaration supplements my prior declarations (ECF No. 100; ECF No. 108-5). I make this declaration based on personal knowledge, and if called to testify, I could and would do so competently.

---

[1] Capitalized terms not defined herein have the meanings stated in the Stipulation of Settlement dated September 6, 2024 (ECF No. 99).

2. Pursuant to the Court's October 8, 2024, Preliminary Approval Order (ECF No. 103), Epiq is authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action"). This declaration provides information regarding: (i) the mailing of the Notice; (ii) the Settlement Website and contact center services; (iii) the current status of claim filings; and, (iv) the requests for exclusion and objections received by Epiq to date.

## I.  MAILING OF THE NOTICE

3. As previously stated, as of December 9, 2024, a total of 8,166 Notices had been disseminated to potential Settlement Class Members, including Notices sent directly to nominees at their request for transmission to investors. (*See* ECF No. 108-5 ¶¶8, 12.)

4. The majority of these notices were either emailed directly by one nominee, Broadridge, or were mailed as a result of brokers and nominees providing names and addresses of potential Settlement Class Members (or in response to brokers' and nominees' requests for Notices to forward to their customers). (*Id.* ¶¶8-11.) At Lead Counsel's direction, Epiq has taken additional steps to follow up with brokers and nominees who had not responded to the Notice, including by phone and/or email. (*Id.* ¶7.)

5. Since December 9, 2024, Epiq has continued to receive further information and requests from nominees and intermediaries and has promptly responded to these requests. Epiq disseminated nine (9) additional copies of the Notice between December 10 and January 6, 2025. Thus, as of January 6, 2025, a total of 8,175 copies of the Notice have been disseminated to potential Settlement Class Members, including copies emailed directly by nominees to potential Settlement Class Members.

6. A total of 21 Notices have been returned to Epiq by the U.S. Postal Service. Of those 21 returned Notices, Epiq obtained one (1) new address from the U.S. Postal Service and one (1) was successfully remailed. A total of 20 Notices have been deemed undeliverable, meaning either valid replacement addresses were not provided by the U.S. Postal Service or identified by Epiq through its address research services, or if updated addresses were obtained, those updated addresses were ultimately no valid and the Notices were returned again as undeliverable. This represents approximately 0.53% of the total number of Notices mailed, which is below the typical 5% undeliverable rate Epiq typically observes in notice programs like this one.

## II. THE SETTLEMENT WEBSITE AND CONTACT CENTER SERVICES

7. As of January 6, 2025, there have been 2,082 pageviews of the Settlement Website, 745 unique visitors, and 71 downloads of the Proof of Claim form. Plaintiffs' and Plaintiffs' Counsel's filings on December 9, 2024 (ECF Nos. 104, 105, 106, 107, and 108), including in support of the motion for attorneys' fees, litigation expenses, and Lead Plaintiff's reasonable costs and expenses, were loaded to the Settlement Website on December 10, 2024.

8. As of January 6, 2025, Epiq has received a total of 29 calls to the telephone number dedicated to the Settlement, including 16 calls that were handled by a live operator. Epiq promptly responded to each telephone inquiry and mailing request received by telephone, including messages left by callers, and will continue to do so.

9. As of January 6, 2025, Epiq has received 75 emails and mailed correspondence from potential Settlement Class Members, and has responded as appropriate.

### III.     CLAIM FILING

10.     As of January 6, 2025, Epiq has received 113 Proof of Claim forms from potential Settlement Class Members and brokerage firms, banks, institutions, and other nominees.  The total number of Proof of Claim forms will continue to be refined as Epiq receives and processes claim forms.

11.     As is typical in claims administration matters of this kind, Epiq will continue to process claims received or postmarked after January 27, 2025, until such time as the receipt and processing of new claims will impact decisions on disbursements.  Lead Counsel will present all valid late-filed claims to the Court at the time the distribution motion is made and intends to recommend that such valid claims be paid.

### IV.     REQUESTS FOR EXCLUSION AND OBJECTIONS

12.     Potential Settlement Class Members who wished to seek exclusion were required to electronically submit or postmark requests for exclusion on or before December 13, 2024, and any objections were required to be received or filed (not simply postmarked) on or before December 23, 2024.

13.     As of January 6, 2025, Epiq has received one (1) request for exclusion.  A redacted copy of the request for exclusion is attached as Exhibit 1.

14.     As of January 6, 2025, Epiq has not received any objections to the Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and expenses, including requests for awards to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4).

15.     Epiq has monitored (and will continue to monitor) the Settlement Website and all mail delivered to the Settlement-specific P.O. Box for potential requests for exclusion and

objections received after the respective deadlines, so that Lead Counsel can address them at or before the Fairness Hearing on January 13, 2025.

Dated:  January 6, 2025

By:  _____
Morgan Kimball

# EXHIBIT 1





12-13-24

I originally sent over 2 items that I bought and sold Everee stock showing I only bought and sold 27 shares with original exclusion so no confusion only sending over 1 item this time I only bought 27 total and sold shares all 27 in 2021

Receipt
Receipt pdf