**IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| MARK COLWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>EXICURE, INC., DAVID A. GILJOHANN, BRIAN C. BOCK, and GRANT T. CORBETT,<br><br>Defendants. | Case No. 1:21-cv-06637<br><br>Honorable John F. Kness |

**ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND LEAD
PLAINTIFF'S REASONABLE COSTS AND EXPENSES**

This matter came before the Court for hearing on January 13, 2025, pursuant to the Order Preliminarily Approving Settlement and Providing for Class Notice (the "Notice Order") (Dkt. 103), on Lead Counsel's motion for the award of: (1) attorneys' fees, (2) litigation expenses, and (3) reasonable costs and expenses to Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995. Full and adequate notice having been given to the Settlement Class as required in the Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement (the "Stipulation") (Dkt. 99), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Settlement Class.

3.     The Court finds that the Settlement Class Members received the best notice practicable under the circumstances of these proceedings and of the requested awards, and that this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

4.     Lead Counsel Bleichmar Fonti & Auld LLP is awarded attorneys' fees in the amount of 30% of the Settlement Fund, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

5.     Lead Counsel shall allocate the attorneys' fees and expenses among other Plaintiff's Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Litigation.

6.     Lead Counsel is awarded litigation expenses in the amount of $77,281, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

7.     In making these awards of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)     Plaintiff's Counsel's efforts on behalf of the Settlement Class have created a common fund of $5,625,000 in cash;

(b)     The requested attorneys' fees are consistent with awards in similar cases;

(c) The requested attorneys' fees have been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Litigation, as detailed in the Declaration of James Mathew;

(d) Plaintiff's Counsel secured the Settlement through skilled advocacy and heavy investment of time and resources, including investigating and drafting the Second Amended Complaint and preparing for and successfully mediating the Litigation;

(e) The Litigation involved a number of complex factual and legal issues, and, absent the Settlement, would involve lengthy further proceedings, leaving the Settlement Class exposed to significant risks of recovering less or nothing from Defendants;

(f) Plaintiff's Counsel devoted more than 570 hours to prosecuting the Litigation, with a lodestar value of over $525,000, on a fully contingent basis;

(g) Plaintiff's Counsel worked efficiently, and the fee awarded results in a lodestar multiplier of 3.21, which is reasonable in light of comparable settlements and the risk and uncertainty of the Litigation; and

(h) The requested expenses are fair and reasonable, and they were reasonably and necessarily incurred to prosecute the Litigation.

8. Consistent with the Stipulation, the fees and expenses awarded pursuant to this Order are payable immediately upon entry of this Order, notwithstanding any appeals.

9. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

10. In accordance with 15 U.S.C. § 78u-4(a)(4), the Court awards reasonable costs and expenses to Lead Plaintiff James Mathew in the amount of $6,000, to be paid from the Settlement Fund.

11. There is no just reason for delay in the entry of this Order, and the Court directs immediate entry of this Order by the Clerk of the Court.

SO ORDERED in No. 21-cv-06637.

Date: January 13, 2025

_____
JOHN F. KNESS
United States District Judge